20,858-06

William McIntosh
TDCJ-Id No. 688254
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

Clerk, Abel Acosta
Court of Criminal Appeals
P.O. BOX 12308,
Capitol Station
Austin, Texas 78711

MOTION DISMISSED
DATE: 7-77-15
BY: ____

February 18, 2015

Mr. Acosta,

Sir, please find enclosed my motin for re-hearing if you would be so kind as to file same with the court I would really appreciate it. thank you in advance for your assistance.

Sincerely,

William McIntosh

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 23 2015
Abel Acosta, Clerk

WR-26,858-06

Tr. Ct. No. 20,084-CR

William Arthur McIntosh          §          In the Court of
                                 §
VS.                              §          Criminal Appeals
                                 §
State of Texas                   §          Of Texas
                                 §

## MOTION FOR REHEARING

Comes Now, William Arthur McIntosh, Defendant, In the above styled and nyumbered cause and would respectfully ask this to court ot rehear his Motion To Compel for the following reasons:

I.

This Court in In RE Bonilla, 424 S.W. 3d 528 (Tex. Crim. App. 2014) decided that athe District Clerk could not block a pro se litigant from accessing the courts. . This case is similiar to the case in InRE Bonilla as McIntosh wrote to the District Attorney and requested the ooportunity to purchase copies of part of the record. Namely some medical records and copies of his interview with the police as well the victims interview. The District Attorney denied that quoting from 552.028. McIntosh then wrote to the judge of the court and asked him to inform the District Attorney to comply with the request. Nothing happened. Then tMcIntosh filed a Motin to Compel with this court which then denied without written order on2-11-2015..

II.

This court has went against what it decided in In Re Bonilla when it declined to hear McIntosh's Writ of Mandamus (Motion To Compel)By doing so this court is not blocking Mcintosh from access to the ocurts which the Supreme Court has stated in is "a Denial of [his] access to court which is a fundamental right under the constitution." see Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed. 2d 72 (1977); Johnson v. Avery, 393 U.S. 483, 485, 89

89 S.Ct. 747, 21 L.Ed. 2d 718 (1969). We Agree. In Re Bonilla424 W. 3d 528

So this court agrees with Bonilla but then when another person comes before this court asking for the same assistance you no longer agree. I McIntosh has found no evidence that **In Re Bonilla,** has been overturneds o it should still stand. The only differnece is that Bonilla asked for his paperwork from the District Clerk whereas McIntosh has asked for paperwork from the District Attorney. This paperwork is vital especially since the new Habeas Statute 11.073 has come into being. To be able to contest the medical evidence at the time one would need to be able to access the said medical evidence and present it to the proper experts. Barring that this court should appoint an attorney so that McIntosh may have the evidenc accessed and presented to an expert for review and get an expert report that way.

## PRAYER

**WHEREFORE, PREMIESES CONSIDERED,** McIntosh woudl ask this court to reconsider his Writ of Mandamus and grant him said Writ so that in the interest of justice he may access said records and present them to his set of experts and see if the findings will hold up to the test of time. He would also ask the court to grant any other findings they deem fit.

William Arthur McIntosh
MovantPro Se
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

## CERTIFICATE OF SERVICE

I William A. McIntosh do hereby cerityf and verify that a true and correct copy has been served upon Patrick Wilson District / Attorney of Ellis Courty Texas via First Class Mail.

William MCInoths
February 18, 2015